EVA FINCH, complainant-respondent,

*v.*

HARVEY V. FINCH, defendant-appellant.

[Argued June Term, 1918.   Decided November Term, 1918.]

The husband offered no defence to the charge of abandonment and non-support of his wife, but pleaded that having given her when he left her two out of four bank books, representing substantially the savings of the wife and gifts to her from her mother, he had fulfilled his marital duty of support.—*Held*, that if the money represented by the books were his he had made a gift of it to his wife.—*Held*, *also*, that his duty to support his wife was not after the expiration of two years of continuous neglect upon his part fulfilled by such gift.

On appeal from a decree of the court of chancery.

*Mr. Albert Leuly* and *Mr. William C. Asper,* for the complainant.

*Mr. Charles E. S. Simpson,* for the defendant.

The opinion of the court was delivered by

MINTURN, J.

There was no defence interposed by the husband to this suit for alimony by the wife, and the legal correctness of the vice-chancellor's decree depends upon the answer to the inquiry whether under the conceded facts the conduct of the husband was tantamount to the abandonment and neglect of his wife, as a basis for a decree of maintenance, within the contemplation of the twenty-sixth section of the Divorce act.

For twelve years after their marriage they lived together as man and wife without the development of serious antagonism until November 11th, 1914, when, owing to a morose mental condition, superinduced by ill health and business embarrassment, he decided to leave home and go to his mother's home, with the expressed intention of returning when his condition had improved. "Do anything you like with the things," he said to his wife. "You can get a smaller place with less rent than what we have been paying. When I am better I will come back." With this parting salutation, and a promise to write, he left her and neither wrote nor returned. She requested him to let her accompany him, but he cavalierly replied that he did not want to bother with her. She, nevertheless, frequently wrote him, asking for an interview, but he never replied. Her brother met him at a public house, and again at his boarding-house, and interceded as an emissary for his sister, urging defendant to meet and talk with his wife, but his efforts were vain and defendant remained obdurate.

Her solicitor in this case, Mr. Leuly, wrote him several letters, requesting him to call at his office, with a view to a reconciliation, but this effort also for a time proved unavailing. Finally, he called, with his brother, and Mr Leuly went over the situation with him, and urged him to meet his wife and become reconciled, but this he declined to do. Before he departed he proposed to pay her the meagre sum of $3 per week, which sum, because of its paucity, the solicitor refused to accept, and this suit was the ultimatum.

If this *résumé* of the facts constituted the entire case, we would have presented to us a case not only of marital neglect, but

of manifest abandonment and desertion.   But the defendant pleaded and insisted that before he left his wife he handed her two out of four bank books, containing an account of $2,000, representing her savings and gifts to her from others, he had thereby fulfilled his marital duty of support.   The learned vice-chancellor found that the transfer of the books was made before the abandonment, and were given to her doubtless as a fair division in the husband's view of what he considered the joint property.

There is no proof in the case that they were given as a means for her support, and as a release tacitly or otherwise of the performance of the husband's manifest duty of support.   The contention that their acceptance by the wife, in the absence of evidence to that effect, was tantamount to a release of the husband from the performance of his marital duty, is opposed in principle to the well-settled rule on the subject, as evidenced by our adjudications.   *Beck* v. *Beck, 78 N. J. Eq. 544; Bacon* v. *Devinney, 55 N. J. Eq. 449; Westerfield* v. *Westerfield, 36 N. J. Eq. 195.*

Nor can it be observed without noting the fact, as one of conspicuous importance, that over two years of continuous, obstinate neglect upon his part were allowed to pass before the complainant recognizing the futility of conjugal persuasion and effort to induce her husband's return, or to produce any practical acknowledgment on his part, of his plain obligation of support, filed this bill to enforce her manifest right, and to compel the performance of his palpable duty.

During that interim, unless the gift made to her on the eve of his abandonment were supplemented by the result of her earnings and efforts, we may judicially indulge the presumption that the gift ere this has been seriously, if not entirely depleted, and the complainant thereby left to her own resources.

The decree of the court of chancery will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.